# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **NICOLA BERRY**, individually, and on behalf of all others similarly situation<br><br>  Plaintiff,<br><br>vs.<br><br>**TD BANK, N.A.**<br><br>  Defendant. | Case No.<br>(Removal from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County) |

## DEFENDANT TD BANK, N.A.'S NOTICE OF REMOVAL

**TO:** CLERK, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

  Wilkie D. Ferguson, Jr. U.S. Courthouse
  400 North Miami Avenue
  Miami, FL 33128

  Andrew J. Shamis, Esq.
  Edwin E. Elliott, Esq.
  **Shamis & Gentile, P.A.**
  14 NE 1st Avenue, Suite 705
  Miami, Florida 33132

  Scott Edelsberg, Esq.
  Christopher Gold, Esq.
  **Edelsberg Law, P.A.**
  20900 NE 30th Avenue, Suite 417
  Aventura, Florida 33180

  *Attorneys for Plaintiff*

  PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant TD Bank, N.A.

("TD Bank"), hereby removes the above-captioned action from the Circuit Court of the Seventeenth

Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. As grounds for removal, TD Bank states as follows:

### I. BACKGROUND

1. Plaintiff Nicola Berry filed this putative class action, captioned *Berry v. TD Bank, N.A.*, Dkt. No. CACE-22-004614 (the "Action"), in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida, on March 30, 2022.

2. TD Bank received a copy of the Complaint in this Action on April 8, 2022. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders on file with the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida is attached hereto as Exhibit A.

3. Plaintiff purports to bring a class action on behalf of herself and "[a]ll persons with a TD Bank account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud" and "[a]ll Florida persons with a TD Bank account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud." Ex. A at Compl. ¶ 56.

### II. BASIS FOR REMOVAL UNDER CAFA

4. This Action is removable under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4. Under CAFA, "[a] class action may be removed to a district court of the United States in accordance with [title 28] section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought . . . ." 28 U.S.C. § 1453(b); *see also id.* § 1441(a) (authorizing removal to federal district court of "any civil action brought in State court of which the district courts of the United States have original jurisdiction").

5. CAFA provides that the federal district courts "shall have original jurisdiction of any civil action" (1) which is a "class action" (2) "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," provided that (4) the members of the putative plaintiff class number at least 100. *Id.* § 1332(d)(2), (5).

6. All four conditions are met here.

**A.  The Complaint Is A Class Action**

7. Plaintiff brings this putative class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of herself and "[a]ll persons with a TD Bank account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud" and "[a]ll Florida persons with a TD Bank account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud." Ex. A Compl. at ¶ 56. Plaintiff alleges that the putative classes include "thousands of similarly situated customers of TD Bank who had signed up for the Zelle money transfer service." *Id.* at ¶¶ 1, 15.

8. This is a "class action," defined under CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

**B.  CAFA's Requirement Of Minimal Diversity Is Met**

9. The putative classes include "citizen[s] of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. TD Bank is a national banking association whose main office is located in Delaware as set forth in its articles of association. *See* Declaration of Val Leppert (April 28, 2022), Exhibit B at ¶ 2 & Ex. 1 (relevant portion of TD Bank, N.A. Amended Articles of Association). Accordingly, TD Bank is "located" in Delaware and is a citizen of Delaware. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for [Section] 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (same).

11. Plaintiff is a resident of Florida and purports to bring suit on behalf of a nationwide class of and a Florida subclass of TD Bank customers who have signed up for the Zelle service. Ex. A at Compl. ¶¶ 13, 56.

12. Thus, Section 1332(d)(2)(A)'s requirement of minimal diversity is met.

**C.     The Amount in Controversy Exceeds $5 Million**

13. Under CAFA, the claims of individual class members are aggregated to determine the amount in controversy. *See* 28 U.S.C. § 1332(d)(6).

14. The Complaint asserts causes of action for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*; breach of contract; and breach of the covenant of good faith and fair dealing. Ex. A at Compl. ¶¶ 59–73. Plaintiff seeks to recover compensatory and punitive damages, injunctive relief, restitution, attorneys' fees, costs, and interest. *Id.* at Prayer for Relief.

15. Without conceding that Plaintiff's claims are valid in any respect, and solely for purposes of estimating the amount in controversy on Plaintiff's theory of the case based on Plaintiff's allegations as stated in the Complaint, taken as true, the amount in controversy well exceeds $5 million. Plaintiff alleges that she brings suit on behalf of herself and "thousands of similarly situated customers of TD Bank who have signed up for the Zelle money transfer service and who have been the victim of fraud on the Zelle service." *Id.* at ¶ 1. Plaintiff further alleges that she and these "thousands" of putative class members "incurred losses due to that fraud that have not been reimbursed by TD Bank" and that they "were entitled by the marketing representations of TD Bank regarding the Zelle service and by the TD Bank's contract promises to a full reimbursement of losses caused by fraud on the Zelle service." *Id*. Plaintiff alleges that she suffered individual actual losses of $1,000, that Zelle fraud is "widespread," and that "many people" have been defrauded for "thousands of dollars." *Id.* at ¶¶ 10, 51–52. In addition to seeking actual "damages," Plaintiff claims that she and the putative class members are entitled to punitive damages, attorneys' fees, restitution, and an injunction, all of which are included in calculating the amount in controversy. *Id*. at ¶ 12; Prayer for Relief; *see S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). Accepting these allegations as true, even if the putative classes include merely 2,500 individuals with an average alleged loss of $2,500 each, inclusive of punitive damages and attorneys' fees, plus injunctive relief, it is clear that the amount in controversy well exceeds the $5 million requirement.

16. Accordingly, the requirement of 28 U.S.C. § 1332(d)(2) for an amount in controversy of at least $5 million is satisfied.

**D.**   **Class Membership Exceeds 100 Persons**

17.     Plaintiff purports to bring suit on behalf of herself and putative classes consisting of "thousands of similarly situated customers of TD Bank who had signed up for the Zelle money transfer service." Ex. A. at Compl. ¶ 1; *see also id*. at ¶ 59 (estimating "the Class number is greater than one hundred individuals").

18.     Accordingly, the numerosity requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### III.   ALL OTHER REQUIREMENTS FOR REMOVAL ARE ALSO SATISFIED

19.     TD Bank received a copy of the Complaint in this Action on April 8, 2022. Thus, removal is timely. *See* 28 U.S.C. § 1446(b).

20.     The court in which this Action is pending is located within the Southern District of Florida, as required by 28 U.S.C. § 1446(a) and 1441(a).

21.     A copy of the Notice to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit of Notice of Filing Notice of Removal, the original of which is being filed with the Seventeenth Judicial Circuit Court Clerk and served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d), is attached hereto as Exhibit C. A copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d), is attached as Exhibit D.

### IV.   CONCLUSION

22.     No admission of fact, law, or liability is intended by this Notice of Removal, and TD Bank expressly reserves all defenses, affirmation of defenses, and motions.

WHEREFORE, for the reasons stated above, TD Bank submits this Notice of Removal and respectfully requests this action proceed in this Court.

Dated: April 28, 2022

                                                  */s/* Val Leppert
                                                  Val Leppert
                                                  Florida Bar No. 97996
                                                  **KING & SPALDING LLP**
                                                  200 South Biscayne Boulevard, Suite 4700
                                                  Miami, Florida 33131
                                                  Tel: (305) 462-6021
                                                  Fax: (404) 572-5100
                                                  E: vleppert@KSLAW.com

                                                  *Counsel for TD Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April 2022 the foregoing was electronically filed with the United States District Court for the Southern District of Florida. Additionally, I served the counsel of record in this action via electronic mail as follows:

Andrew J. Shamis, Esq.
Edwin E. Elliott, Esq.
**Shamis & Gentile, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132

Scott Edelsberg, Esq.
Christopher Gold, Esq.
**Edelsberg Law, P.A.**
20900 NE 30th Avenue, Suite 417
Aventura, Florida 33180

/s/ Val Leppert
Val Leppert

*Counsel for TD Bank, N.A.*